**ORDERED.**

**Dated: December 19, 2024**

Grace E. Robson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

**DEALER SALES SOLUTIONS LLC,**

     **Debtor.**

_____/

**Case No. 6:24-bk-06734-GER**
**Chapter 11**
**Subchapter V**
**EIN:  45-3304358**

**PRELIMINARY ORDER GRANTING**
**MOTION BY DEBTOR-IN-POSSESSION FOR AUTHORITY TO USE CASH**
**COLLATERAL AND EMERGENCY HEARING REQUESTED**

THIS CASE came on for hearing on December 17, 2024, at 2:00 p.m., to consider the

*Motion for Authority to Use Cash Collateral and Emergency Hearing Requested* (Doc. 5,

"Motion") filed by Debtor, DEALER SALES SOLUTIONS LLC ("Debtor"), seeking

authorization to use cash collateral and to provide adequate protection to the U.S. SMALL

BUSINESS ADMINISTRATION ("SBA" or "Senior Creditor"); and, to the extent necessary, the

following inferior interests: FASANARA SECURITISATION S.A., acting on behalf of its

Compartment L, as assignee of SELLERSFUNDING CORP. (collectively, the "Inferior

Interests").  The Court, having reviewed the Motion, having found the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 1334 and 157, and being otherwise fully advised in the premises, finds that it is appropriate to grant the relief requested on and interim basis.  Accordingly, it is

**ORDERED:**

1.      The Motion (Doc. 5) is **GRANTED** on an interim basis through and including January 14, 2025.

2.      <u>Cash Collateral Authorization</u>. Subject to the provisions of this Order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including payments to the United States Trustee for quarterly fees; (b) the current and necessary expenses set forth in the budget attached as Exhibit A[1] plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by Creditor (which approval shall not be unreasonably withheld) within 48 hours of the Debtor's request. The Debtor shall be entitled to prompt court hearings on any disputed proposed expenditures.  This authorization will continue until January 14, 2025.

3.      <u>Debtor Obligations</u>. Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Orders of this Court.

4.      <u>Replacement Lien</u>. The Senior Creditor and Inferior Interests shall each have a perfected, postpetition lien against cash collateral with the same validity, priority, extent, and value as their respective pre-petition liens (if any), without the need to file or execute any documents as may otherwise be required under applicable nonbankruptcy law.

---

[1] Expenses contained in Exhibit A that relate to the payments to professionals and the SubChapter V Trustee require separate final court approval.

5.      <u>Insurance</u>.   The Debtor shall maintain insurance coverage for its property in accordance with the obligations under the loan and security documents with Secured Creditors.

6.      <u>Without Prejudice</u>. This order is without prejudice to (i) any subsequent request by a party in interest for modified adequate protection or restrictions on use of cash collateral or (ii) any other right or remedy which may be available to the Debtor or Secured Creditors.

7.      <u>Creditors' Committee</u>. The provisions of this Order are without prejudice to the rights of the United States Trustee to appoint a committee or any rights of a duly-appointed committee to challenge the validity, priority, or extent of any lien(s) asserted against cash collateral.

8.      <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this Order.

9.      A continued preliminary hearing on this matter will be held at the George C. Young Courthouse, 400 West Washington Street, Courtroom 6D, Orlando, FL 32801 on January 14, 2025, at 9:45 am, at which time continued use of cash collateral will be addressed.

# # #

Attorney for Debtor, Jeffrey S. Ainsworth, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

## Ex. A - Cash Collateral

**Dealer Sale Solutions**

| GROSS RECEIPTS | Dec | Jan-25 | Feb-25 |
|---|---|---|---|
| Sales | $ 457,143 | $ 525,000 | $ 550,000 |
| Beginning Cash Balance | $ 65,726 | $ 68,672 | $ 72,807 |
| (Marketplace Fees) | $ (57,143) | $ (65,625) | $ (68,750) |
| **Gross Sales** | **$ 465,726** | **$ 528,047** | **$ 554,057** |
| COST OF GOODS SOLD | | | |
| purchases | $ 265,857 | $ 315,250 | $ 330,500 |
| Shipping | $ 54,857 | $ 63,000 | $ 66,000 |
| supplies | $ 5,029 | $ 5,029 | $ 5,775 |
| **Total Cost of Goods Sold** | **$ 325,743** | **$ 383,279** | **$ 402,275** |
| **Gross Profit** | **$ 139,983** | **$ 144,769** | **$ 151,782** |
| EXPENSES | | | |
| Payroll | $ 35,734 | $ 35,734 | $ 35,734 |
| Officer Comp | $ 16,963 | $ 16,963 | $ 16,963 |
| Payroll Taxes and Benefits | $ 5,328 | $ 5,328 | $ 5,328 |
| Customer Return Costs | $ 2,286 | $ 2,625 | $ 2,750 |
| Office Expense | $ 1,000 | $ 1,313 | $ 1,375 |
| Non Healthcare Ins | $ 2,000 | $ 2,000 | $ 2,000 |
| Utilities | $ 500 | $ 500 | $ 500 |
| Accounting Services | $ 750 | $ 750 | $ 750 |
| Other (supplies, office, etc) | $ 750 | $ 750 | $ 750 |
| Software Development | $ 1,000 | $ 1,000 | $ 1,000 |
| Sub V Trustee | $ 1,000 | $ 1,000 | $ 1,000 |
| Software Expense | $ 4,000 | $ 4,000 | $ 4,000 |
| **Total Operating Expenses** | **$ 71,310** | **$ 71,962** | **$ 72,150** |
| **Net Operating Income** | **$ 68,672** | **$ 72,807** | **$ 79,632** |
| | | | |
| Total Debt Service | $ - | $ - | $ - |
| **ENDING CASH BALANCE (LOSS)** | **$ 68,672** | **$ 72,807** | **$ 79,632** |